Filed May 26, 1884.

---

No. 11,210.

## BINFORD, GUARDIAN, *v.* MINER.

COSTS.—*Dismissal.*—*Practice.*—A plaintiff in ejectment, in consequence of the admission of evidence which it had been agreed in writing by the defendant's attorney should not be offered, moved to dismiss his cause without prejudice, and to tax all costs accruing after the agreement to the defendant and his attorney. Without objection the court granted the motion to dismiss, and took the question of costs under advisement. Afterwards the motion as to costs was overruled.

*Held,* that there was no error, and that the question is not presented to the Supreme Court by the appeal from the ruling.

From the Hancock Circuit Court.

*J. H. Binford, J. A. New* and *J. W. Jones,* for appellant.

*W. R. Hough, C. G. Offutt, J. H. Mellett* and *J. L. Mason,* for appellee.

ZOLLARS, J.—In October, 1881, Robert Binford filed his complaint against appellee for the recovery of real estate. Appellee answered by general denial. Before going to trial the following written agreement was entered into, viz.:

" ROBERT BINFORD *v.* THOMAS H. MINER.     No. ——.

" The defendant denies that he ever was the tenant of the plaintiff upon the premises mentioned in the complaint, and he agrees that he will offer no evidence in this cause to prove

that he is now a tenant of the plaintiff, or that he was at any time before March 4th, 1881, a tenant of the plaintiff, or that he ever held over as a tenant of the plaintiff, or that he is now holding as a tenant of the plaintiff. This 19th day of January, 1882."

This agreement was signed by counsel as the attorneys of the respective parties.

On the day following the trial was commenced, and on the 23d day of the same month, the jury, having failed to agree, were discharged.

In April, 1882, a trial of the case resulted in a verdict for the plaintiff. In June following a new trial was granted to appellee as a matter of right under the statute.

In January, 1883, appellant herein, as the guardian of Robert Binford, who had become insane, was substituted as a party plaintiff. He filed an amended complaint, the substance of which is that Robert Binford was the owner of and entitled to the possession of the real estate described, and that appellee unlawfully held the possession of it, claiming to be the owner in fee simple. Prayer for possession and damages for the retention. Answer of general denial.

Upon the issues thus presented the parties entered upon the third trial before a jury. Appellant, having introduced a deed for the land from appellee to Robert Binford, dated the 4th day of March, 1879, and evidence tending to show that, after the execution of the deed, appellee leased the land of Robert Binford for a period of two years, from the date of the deed, and remained in possession of the land under and by virtue of the verbal lease, rested his case.

Appellee then produced a witness, and proposed to prove by him that after the expiration of the two years, and before the commencement of this action, appellee remained in possession of the land and paid rent to Robert Binford. This was objected to by appellant, on the ground that the introduction of such proof would be a violation of the written

agreement above set out. The court overruled the objection, and admitted the testimony, on the ground that the written agreement, not having been signed by appellee, although signed by his attorneys, was so signed without his knowledge or consent, and was not binding upon him. The court also refused to admit in evidence the written agreement.

Thereupon appellant moved for the dismissal of his cause without prejudice, and the taxation of all costs which accrued subsequent to the agreement, against appellee and two of his counsel. The court sustained the motion to dismiss, and took under advisement the portion in relation to the taxation of costs.

Appellant is not in a condition to complain that the court treated the motion as divisible, and sustained it as to the dismissal without reference to the taxation of the costs, for the reason that he interposed neither an objection nor exception to the court's action.

It is shown in different ways by the record, that appellee has claimed, and still claims, that the deed from him to Robert Binford, although absolute in form, is simply a mortgage for the security of a sum of money due from appellee.

The showing in support of appellant's motion to tax the costs, as made by him and counsel, is, substantially, as follows: On the day the contract was signed, counsel for appellant learned that subsequent to the 4th day of March, 1881, when it is claimed by appellant that appellee's lease terminated, Robert Binford accepted rent from appellee for the year 1881. Believing that appellee could and would produce evidence of that fact, and that such evidence would defeat plaintiff's action, appellant's counsel informed the counsel for appellee of the fact, and also informed them that unless appellee would agree to produce no proof of such subsequent payment of rent, the plaintiff would dismiss his case, and recommence it after the expiration of the year for which rent had been so accepted. Appellee and his attorneys were anxious that the case should be proceeded with, as they had a witness

in attendance from Missouri. To prevent a dismissal, and have a trial at once, the written agreement was drawn up and signed by counsel. After the agreement was thus executed, appellant's counsel filed it with the clerk,.as a paper in the case, and from that time forth relied upon it. In the first two trials its terms were complied with, and no proof of such subsequent payment of rent was made. Neither appellant nor his counsel had any notice that appellee and his counsel would disregard the agreement until after appellant had rested his case upon the last trial. At the time, appellant's counsel informed one of the counsel for appellee of their purpose to dismiss unless some such agreement could be made, that counsel replied that he could give no answer until after consultation with his client and associate counsel. One of appellee's counsel wrote the contract, and when it was signed and filed appellee and his counsel were in the court-room.

The showing of appellee in resistance of the motion is, substantially, as follows: The contract was executed by his attorneys without his knowledge or consent; he never knew of the existence of the agreement until the day preceding the commencement of the last trial, when informed of it by his counsel, and never saw it until produced upon the trial; his understanding and belief had all the time been, prior to the last trial, and he so informed his counsel, that appellant relied wholly upon the deed. His defence, as he understood it, and as understood by his counsel, was that the deed was simply a mortgage. To prove this fact the witness from Missouri was present at the first trial. Upon the two former trials appellant did so rely upon the deed, and appellee upon his said defence. He states that he has at all times denied any tenancy, and claimed that whatever was given to Robert Binford from the farm was not in the way of rent, but as so much upon the indebtedness, which the deed was given to secure.

He states further that he had no knowledge that the agreement was filed; denies that it has been on file with the papers, and states his belief that it has all the time been in the

possession of appellant's attorneys. He states as his belief, also, that his attorneys executed the contract without knowledge that appellant would in any way rely upon a tenancy between him and Robert Binford, and meant only, that as against the deed to appellant, no evidence of a tenancy or holding over should be produced. He also states his belief that when the contract was executed appellant and his counsel so understood it.

The substance of the statements of appellee's counsel is that they executed the contract without the knowledge of, and without authority from, appellee; that they executed it for the purpose of preventing a dismissal, and getting a speedy trial, and did not know, or think that the question of tenancy could become important; that they and their client denied all such tenancy; that they did not know that the question of a tenancy would be important until the jury was charged upon the trial next before the last, and that when the contract was executed they had no intimation of any such thing as a tenant holding over.

Upon these showings, which were under oath, the court overruled appellant's motion to tax the costs against appellee, and upon his motion rendered judgment against appellant for the whole of the costs. Although appellant's motion included two of appellee's attorneys, they were not summoned into court, and the case was proceeded with as though the motion did not include them. We so treat it here.

The showings are not without conflict and contradictions. These facts, however, are established by them and the record, viz.: But for the agreement appellant would have dismissed his case before the first trial, and the subsequent costs would not have been made. Appellee's attorneys, to prevent a dismissal, and get a speedy trial, executed the agreement, without authority from appellee, except the authority incident to their employment to defend the case. The agreement was filed with the clerk by appellant's counsel without the knowledge of appellee or his attorneys at the time. Sometime before the

Binford, Guardian, *v.* Miner.

last trial one of appellee's counsel learned that the agreement had been filed, and made no objection. Appellee learned of the agreement the day before the last trial was commenced, and made no objection. After appellant, upon the last trial, had made proof of a tenancy between appellee and Robert Binford for a term extending from the 4th day of March, 1879, to the 4th day of March, 1881, appellee and his attorneys, for the first time, claimed the right, and were allowed to make proof that subsequent to the 4th day of March, 1881, appellee delivered to said Binford a portion of the crops raised upon the land in 1881. They claimed this right upon the ground that the contract was executed under a misapprehension of its scope and purpose, and without authority from appellee. The proof was allowed upon the ground that the attorneys had no authority to bind appellee by it.

The fact that one side was claiming title under a deed, absolute upon its face, and the other that it was but a mortgage, and the further fact that the complaint charged that appellee was in possession, claiming to be the owner in fee simple, furnished some excuse for the misapprehension of counsel as to the scope and purpose of the written contract. Whatever the title of appellant might have been, the action for possession might have been defeated by showing that appellee was in possession as his tenant. Counsel might readily, therefore, have thought that the purpose of the admission of no tenancy was to eliminate that question from the controversy, and leave the case to be decided upon the question of title, and the right of possession that would result therefrom.

This, however, would furnish no sufficient legal excuse. The contract speaks for itself. It is an unconditional undertaking that appellee should produce no proof of a tenancy subsequent to March 4th, 1881, and imposes no restrictions upon the right of appellant to make proof of a tenancy prior to that time. Such proof, therefore, by appellant, furnished no excuse for appellee to violate the contract. Contracts of this character, which may influence the parties in the conduct

of the litigation, should be entered into with a full understanding and most sacredly kept.

Whether the contract was one which an attorney may make, and thereby bind the client, without special authority ; whether both parties should have knowledge of, and consent to the filing of the contract to make it obligatory upon the clients, under section 968, R. S. 1881 ; whether the subsequent knowledge of the filing by one of the attorneys for appellee, and his silence, amounted to a ratification, and whether appellee's knowledge of the existence of the contract, and his silence, amounted to a ratification, are questions which we need not now decide.   From the view we feel constrained to take of the case, a decision upon these questions is unnecessary, and might justly be regarded as dicta.

The evidence of tenancy was very important to either party.   For the plaintiff it would show almost conclusively that the deed was intended to and did convey title, and was not a mortgage simply ; and if appellee had, indeed, become the tenant of appellant, he was estopped to deny his title.

On the other hand, if appellee was holding over as a tenant, appellant having accepted a portion of the crops as rent for the year 1881, he could not succeed in his action for possession.   If, therefore, the court below erroneously admitted the evidence on the part of appellee, and it established a tenancy subsequent to March, 1881, it was an error of serious consequences to appellant.   For such errors the law has provided a remedy ; that remedy, in all ordinary cases, is to proceed to final judgment, and upon an appeal therefrom present to this court the errors in the admission of the improper testimony.   That was the proper remedy in this case, unless it can in some way be made an exception to the general rule. We think it can not.   While the refusal of appellee to abide by the agreement was the cause of the court's ruling, it was the court's ruling after all that injured appellant.   If the court had ruled that by reason of the contract the testimony offered by appellee should be excluded, appellant would have had

no cause of complaint, notwithstanding appellee may have acted in bad faith in an attempt to violate the contract and introduce the testimony.

To decide the question of costs, therefore, we must first decide upon the ruling of the trial court in admitting the testimony. Such a question can not be brought here for review on this kind of an appeal. To hold that it could would be to hold, practically, that in every case of an adverse ruling the complaining party might dismiss his case, move to tax the costs occasioned by such ruling, appeal here, and have such ruling reviewed. Had appellant gone on with the trial to final judgment and defeat, he could have appealed to this court and presented the whole question as to the force and effect of the contract, and the ruling of the court below in admitting the testimony over its stipulations. If, upon such appeal, this court should differ with the court below, the judgment would be reversed, and this would carry the costs against the appellee.

Upon the appeal, as here taken, we could not intelligently decide as to whether or not appellee should have been taxed with the costs without first deciding that the dismissal of the appeal by appellant was an absolute necessity. In his showing, in resistance to the motion, appellee claimed, under oath, and still claims, that the portion of the crops given to Binford was not in the way of rent, and doubtless would have so testified upon the stand had he been called as a witness. This might not have been very beneficial to appellant, but we have no way of knowing how the jury might have regarded it; they might have returned a verdict for appellant. The witness who testified in relation to the crops did not know, nor state that they were given as rent. Appellant seems to concede that they were so given, but there is nothing in the record to show it. For aught that is shown in the record, they may have been given in payment of some debt entirely disconnected with the subject of this litigation, or they may have been purchased by Binford and paid for in cash; for aught that appears, appellant may have been able to show this

by witnesses; and, for aught that appears, appellant may have been able to utterly overthrow the testimony of appellee's witness by impeachment.    In any of these possible events, a dismissal by appellant would have been ill advised.

The impropriety of attempting to decide that a voluntary dismissal in any case is a necessity, as preliminary to the decision of other questions, must be apparent.

The judgment of the court below was in accord with the general rule that upon a voluntary dismissal the costs will be adjudged against the dismissing party.

The record before us does not bring up and present to this court the questions sought to be presented in such a manner as to authorize a reversal of the judgment of the court below. The judgment is, therefore, affirmed, with costs.

